UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Vincent Schonarth</u>

    v.                                07-cv-287-JL

<u>Eileen Fox, Clerk, New Hampshire Supreme Court</u>
<u>Dana Zucker, Clerk, Belknap County Superior Court</u>

**REPORT AND RECOMMENDATION**

Before the Court is Vincent Schonarth's complaint (document nos. 1 & 8), filed pursuant to 42 U.S.C. § 1983, alleging that the clerks of the New Hampshire Supreme Court ("NHSC") and the Belknap County Superior Court ("BCSC") have violated his constitutional rights. This matter is before me for preliminary review to determine whether the complaint invokes the subject matter jurisdiction of this Court, states any claim upon which relief might be granted, or names defendants that are immune from liability for the acts alleged. <u>See</u> United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A). As explained fully herein, I recommend that the complaint be dismissed as it fails to state any claim upon which relief might be granted.

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

The complaint in this matter is difficult to understand and fails to paint a clear picture of the facts leading up to the filing of this action.  Generously construing the complaint, however, I find the facts alleged as follows.

Vincent Schonarth is an inmate of the New Hampshire State Prison's Lakes Region Facility.  Schonarth claims that during the pendency of his criminal trial, a related civil action was pending in the BCSC.  At the request of the Attorney General's office, the BCSC Clerk, Dana Zucker, continued the civil case for a period of four years so that the civil proceedings would not jeopardize the criminal prosecution.  Schonarth claims that Zucker's actions in delaying the civil trial violated his right to access the courts, his right to a speedy trial, and his right to due process.

Schonarth filed an appeal of the BCSC action to the NHSC. The NHSC, through it's clerk, Eileen Fox, directed Schonarth to pay $900.00 to the BCSC to have a transcript prepared so that the NHSC could adequately review the record in the BCSC action. Schonarth advised Fox he was indigent and unable to pay for the transcripts.  Schonarth's request for free transcripts was denied

and he was unable to pursue his appeal.  As a result, Schonarth claims, he was denied the ability to prosecute a meaningful appeal, which deprived him of his right to access the courts and his right to due process.

Schonarth now appeals to this Court, presumably in an effort to direct the NHSC to provide him with transcripts for free in order to be able to pursue his appeal and protect his right to access the courts and to due process.  Schonarth also seeks declaratory relief against both defendants.

## Discussion

Schonarth's challenge to the state court proceedings at issue in this case raises a question of subject matter jurisdiction that this court is obligated to consider and resolve sua sponte.  See Hicks, Muse & Co. v. Brandt (In re Healthco Int'l, Inc.), 136 F.3d 45, 50 n.4 (1st Cir. 1998) (court may consider whether it possesses subject matter jurisdiction over a case sua sponte).  For the reasons articulated herein, this Court is precluded from exercising jurisdiction over the claims in this action under the Rooker-Feldman doctrine, see D.C. Ct. App. v. Feldman, 460 U.S. 462, 476 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

The Rooker-Feldman doctrine precludes a federal district court from reviewing a final judgment of a state court. See Lance v. Dennis, 546 U.S. 459, 463 (2006) (under Rooker-Feldman doctrine, federal district courts are precluded from exercising appellate jurisdiction over final state-court judgments); Rooker, 263 U.S. at 416. The Rooker-Feldman doctrine applies only in limited circumstances, to cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Galibois v. Fisher, 174 Fed. Appx. 579, 580 (1st Cir. 2006) (citing Lance, 546 U.S. at 464-65 and Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 291 (2005)). Rooker-Feldman forecloses federal court jurisdiction over claims that are inextricably intertwined with the claims adjudicated in a state court proceeding. See Sheehan v. Marr, 207 F.3d 35, 39-40 & n.4 (1st Cir. 2000); Wang v. N.H. Bd. of Registration in Med., 55 F.3d 698, 703 (1st Cir. 1995). "A federal claim is inextricably intertwined with the state court claims 'if the federal claim succeeds only to the extent that the state court wrongly decided

the issues before it.'"  Sheehan, 207 F.3d at 40 (quoting Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999)).

Once a state court issues a final judgment, a federal district court lacks jurisdiction to review the decision even if the state court judgment is patently wrong or was entered following patently unconstitutional proceedings.  See Feldman, 460 U.S. at 486.  Thus, a litigant may not seek to reverse a final state court judgment simply by recasting his complaint in the form of a civil rights action.  See Fortune v. Mulherrin, 533 F.2d 21, 22 (1st Cir. 1976); see also Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993).

The proper recourse for a litigant in the state courts who is unhappy with the decisions of those courts is to pursue his appeal through the state appellate process, and then to the United States Supreme Court.  In other words, a party is barred from seeking appellate review of a state court decision in the federal district court.  See Lance, 546 U.S. at 464; Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994); see also Wang, 55 F.3d at 703.

In this action, Schonarth seeks a reversal of the NHSC's decision regarding the transcript and dismissal of Schonarth's

appeal. Given that Schonarth has raised these issues in the state court proceedings, the plaintiffs' claims in this case are inextricably intertwined with the state court proceedings. Schonarth's successful prosecution of his claims here would require this court to invalidate or reverse state court rulings, which is precisely the course of action precluded by <u>Rooker-Feldman</u>.

## Conclusion

For the foregoing reasons, I recommend that this complaint be dismissed as it fails to invoke the subject matter jurisdiction of this Court. <u>See</u> LR 4.3(d)(2)(A)(ii). Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: February 12, 2008

cc: Vincent Schonarth, pro se